UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

---------------------------------------------------------x
MALCOLM JOHNSON,                              :
an individual,                                :       CIVIL ACTION
                                              :
            Plaintiff,                        :       CASE NO.:
                                              :
vs.                                           :       Judge:
                                              :
                                              :       Magistrate:
                                              :
DOLGENCORP, LLC,                              :
                                              :
                                              :
            Defendant.                        :
---------------------------------------------------------x

## COMPLAINT

Plaintiff, MALCOLM JOHNSON, by and through his undersigned counsel, hereby files this original Complaint against DOLGENCORP, LLC (hereinafter referred to as "DEFENDANT"), and demands declaratory and injunctive relief and attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, MALCOLM JOHNSON, (hereinafter referred to as "MR. JOHNSON"), is a resident of St. Louis County, Missouri. MR. JOHNSON resides less than one (1) mile away from the property which is the subject of this action.

4. MR. JOHNSON is a qualified individual with a disability under the ADA. MR.

1

JOHNSON suffers from chronic obstructive pulmonary disease (COPD) which makes walking distances more than a few feet difficult or impossible for MR. JOHNSON without a mobility device. When MR. JOHNSON has to walk more than a few feet, he suffers difficulty breathing.

5. MR. JOHNSON also suffers from arthritis in both knees and Osteoarthritis in his left knee, which makes walking more than a few feet extremely painful for MR. JOHNSON.

6. Due to his disability, MR. JOHNSON is substantially impaired in several major life activities and requires an electric scooter, a wheelchair, or a walker for mobility.

7. Upon information and belief, DEFENDANT is a foreign limited liability company registered in the State of Missouri and doing business in St. Louis County.

8. Upon information and belief, DEFENDANT can contacted at:

> c/o CSC-Lawyers Incorporating Service Company
> 221 Bolivar Street
> Jefferson City, MO 65101

9. Upon information and belief, DEFENDANT is the operator of the store that is the subject of this action, to wit: the Dollar General store located at Bell Acres Plaza, 8937 Natural Bridge Road, Saint Louis, Missouri 63121. (hereinafter referred to as "the Property").

10. The Property is a Dollar General store located inside of a shopping center.

11. DEFENDANT is obligated to comply with the ADA.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

12. MR. JOHNSON realleges and reavers Paragraphs 1 - 11 as if they were expressly restated herein.

13. The Property is a place of public accommodation, subject to the ADA, generally located

at: 8937 Natural Bridge Road, Saint Louis, MO 63121.

14. Upon information and belief, MR. JOHNSON has visited the Property numerous times and desires to visit the Property again in the near future. MR. JOHNSON lives less than one (1) mile away from the Property.

15. Upon information and belief, MR. JOHNSON visits the Dollar General store on a frequent basis.

16. The discrimination alleged herein is ongoing.

17. At various times, MR. JOHNSON has personally observed or encountered all of the barriers which are the subject of this action.

18. During his visits, MR. JOHNSON has experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers as discussed in Paragraph 23.

19. MR. JOHNSON continues to desire to visit the Property, but fears that he will continue to experience serious difficulty due to the barriers discussed in Paragraph 23 which still exist.

20. The barriers discussed below in Paragraph 23 are excluding MR. JOHNSON from the programs and activities offered the Property.

21. MR. JOHNSON plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

22. MR. JOHNSON presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

23. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and the Property is not accessible due to, but not limited

to, the following barriers which presently exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

    A.    DEFENDANT has a policy, procedure, and/or practice of locating merchandise and carts in the required accessible routes, which reduces or otherwise obstructs the path of travel; and

    B.    Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property;

24. The implementing regulations of the ADA at 28 C.F.R. § 36.211 state, "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities …"

25. MR. JOHNSON continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 23 are removed.

26. MR. JOHNSON intends to and will visit the Property to utilize the goods and services in the future, but fears that DEFENDANT will continue to discriminate against him by failing to modify the barriers at the Property.

27. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

28. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and

would not place an undue burden on DEFENDANT.

29. Upon information and belief, removal of the barriers to access located on the Property would provide MR. JOHNSON with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

30. Independent of his intent to return as a patron to the Property, MR. JOHNSON additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

31. Upon information and belief, DEFENDANT is currently party to a settlement agreement with the United States Department of Justice to undergo remedial actions around its compliance with Title III of the ADA throughout all of its 639 retail locations in the state of Alabama.  The settlement agreement was entered into to resolve complaints that the DEFENDANT failed to maintain accessible routes within its stores in Alabama, wherein aisles were reported to be cluttered and blocked by merchandise, shopping carts, and boxes.  The DEFENDANT entered into this agreement on January 3, 2017 and it remains in effect for three years.[1]

32. MR. JOHNSON alleges substantially similar accessibility barriers to those alleged to exist at the DEFENDANT's Alabama retail locations, for which DEFENDANT is actively undertaking remedial actions pursuant to its settlement agreement with the United States Department of Justice.

33. This settlement agreement evidences DEFENDANT's knowledge of its obligations under the ADA.

34. Even though unrequired by the ADA, MR. JOHNSON, by and through his attorneys,

---

[1] *See attached* as "Exhibit 1."

made a pre-suit demand upon DEFENDANT in an attempt to amicably resolve MR. JOHNSON's claims. The parties were unable to reach any sort of compromise and the entire effort was a futile endeavor.

35. MR. JOHNSON has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to the pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. JOHNSON demands judgment against DEFENDANT, and requests the following relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. JOHNSON, pursuant to 42 U.S.C. § 12205; and

D. That this Court award such other and further relief as it deems necessary, just, and proper.

Respectfully Submitted,

**Bizer & DeReus**
Attorneys for Plaintiff
Garret S. DeReus (MO # 68840)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117

T: 504-619-9999; F: 504-948-9996

By:/s/ Garret S. DeReus
   Garret S. DeReus